## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) **Civil Action No.:** |
| | ) |
| **v.** | ) |
| | ) **Section 1983** |
| **SHANE SCANLON, Individually and in** | ) |
| **his official Capacity as the District** | ) **Civil Rights Action** |
| **Attorney of Lackawanna County, and** | ) |
| **GENE EIDEN, Chief of Probation of the** | ) |
| **Lackawanna County Adult Probation and** | ) |
| **Parole Department, Individually and in** | ) |
| **his official capacity, and the COUNTY** | ) |
| **OF LACKAWANNA, PENNSYLVANIA,** | ) |
| | ) **Jury Trial Demanded** |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

NOW COMES, the Plaintiff, JAMES DAVIS, by and through his legal counsel, ANDREW J. KATSOCK, III, ESQUIRE, and does hereby allege and aver the following:

### I.    JURISDICTION AND VENUE

1. Plaintiff brings this action under the common law of the Commonwealth of Pennsylvania for an amount in excess of $150,000.00 and under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments, and under federal law, particularly the Civil

1

Rights Act of 1871 hereinafter referred to as the "Act," as amended, 42 U.S.C. § 1983, which provides a civil action against persons who under color of law deprive a citizen of federal constitutional rights.

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, § 1343(a) (3), § 1343(a) (4), and § 1367(a) regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3. Venue in the Middle District is properly laid pursuant to 28 U.S.C. § 1391, insofar as the alleged unlawful and unconstitutional conduct asserted in this Complaint, which forms the factual and legal basis of the Plaintiff's claims, arose within the geographical limits of this District in general and within the geographical limits of Lackawanna County, Pennsylvania, in particular.

## II.    PARTIES

4. The Plaintiff, James Davis ("Davis"), is an adult, competent individual residing in the Commonwealth of Pennsylvania.

5. The Defendant, Shane Scanlon ("Scanlon"), is an adult, competent individual, residing in the Middle District of Pennsylvania, who at all times relevant hereto was acting in his capacity as the District Attorney of Lackawanna County and was entrusted with the power, under color of law, to enforce the laws of the Commonwealth of Pennsylvania, and to

2

protect the Constitutional rights of those he encounters. The Defendant is being sued in his personal capacity for actions taken under the color of state law.

6. The Defendant, Gene Eiden ("Eiden"), at all times relevant hereto, was employed by the County of Lackawanna as Chief of Probation of the Lackawanna County Adult Probation and Parole Department with a principal business address of 130 North Washington Avenue, UNIT 3, Scranton, Pennsylvania 18503 and was entrusted with the power, under color of law, to enforce the laws of the Commonwealth of Pennsylvania, and to protect the Constitutional rights of those he encounters.  At all times herein mentioned, the Defendant Eiden was acting within the scope of his authority as agent, servant and employee of the County of Lackawanna, Pennsylvania.   The Defendant is being sued in his personal capacity for actions taken under the color of state law.

7. Defendant Lackawanna County, Pennsylvania ("Lackawanna County") is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at the Globe Building, Wyoming Avenue, Scranton, Lackawanna County Pennsylvania 18503, and for all times material to this complaint, was the employer of Defendant Eiden.

### III.    PRE-DISCOVERY FACTUAL ALLEGATIONS

8. On November 5, 2015, the Plaintiff entered pleas of guilty pleas in four (4) Lackawanna County criminal case docket numbers, namely:

---#2015-CR-1537---Driving Under the Influence: controlled substance, 2nd offense;

---2015-CR-1543---Driving Under the Influence: controlled substance;

---2015-CR-2227---Driving Under the Influence: controlled substance and Retail Theft; and,

---2014-CR-1890---Conspiracy---Theft by Unlawful Taking, which occurred on November 20, 2015.

9. On February 3, 2016, the Plaintiff was sentenced by Lackawanna County Judge Vito Geroulo to sentences in four (4) criminal docket numbers, as follows:

---#2015-CR-1537---one (1) year to a maximum of five (5) years, $2,500.00 fine, complete Alcohol Highway Safety Program, license suspension of 18 months, ignition interlock for one (1) year;

---2015-CR-1543---a concurrent sentence of 90 days to maximum of five (5) years to be served in a state correctional institution and the same conditions for fine, license suspension, and ignition interlock;

---2015-CR-2227--- a concurrent sentence of one (1) year to a maximum of

4

five (5) years, $2,500.00 fine, complete Alcohol Highway Safety Program, license suspension of 18 months, ignition interlock for one (1) year and for Count 2- Retail Theft, the Plaintiff originally received a sentence of one (1) years special probation, but because the sentence was illegal for a summary offense, the sentence on Count 2 was changed to 45 days to a maximum of 90 days;

---2014-CR-1890---the sentencing Court originally sentenced the Plaintiff to 90 days to five (5) years concurrent to the above sentences imposed on the above three (3) Driving Under the Influence cases, but was later changed to one (1) year concurrent probation, then changed yet again, to one (1) year consecutive probation.

10. At the time of sentencing, February 3, 2016, Davis was deemed RRRI eligible (pursuant to the Pennsylvania Recidivism Risk Reduction Incentive legislation) and the RRRI minimum date was set at 90 days.

11.  Four (4) Sentencing Orders were prepared related to the sentences issued against the Plaintiff and in each Order it stated that the sentences issued in case docket numbers 2015-CR-1537, 2015-CR-1543, 2015-CR-2227 and 2014-CR-1890 were "concurrent" with each other with the exception of the Retail Theft conviction in case #2015-CR-2227, which was "consecutive".

12.  However, a "Corrected" Order, also dated February 3, 2016, was issued
changing the one (1) year probationary sentence issued in Docket #2014-CR-
1890 for Conspiracy to commit theft by unlawful taking to a "consecutive"
sentence and changed the 45 day to 90 day sentence issued in 2015-CR-2227
for Retail Theft to a "concurrent" sentence.

13.  Davis has maintained in State Court that the Sentencing Orders issued on
February 3, 2016 were unlawfully changed without his knowledge, without
notice to him or without him being present and were therefore illegal.

14.  Davis has further maintained in State Court that since the Orders were
unlawfully corrected, the first February 3, 2016 Orders are the proper
Sentencing Orders.  Thus, the February 3, 2016 Sentencing Orders state that
Davis received a sentence of one (1) year probation for the Summary Offense
of Retail Theft, which constitutes an illegal sentence.

15.  Davis has further maintained in State Court that since the Sentencing
Orders in all three (3) Driving Under the Influence cases violated 75
Pa.C.S.§3814 in that it did not require a Drug/Alcohol Assessment and
Evaluation and were therefore illegal.

16.  On August 9, 2016, Davis filed a Motion for Correction of Illegal Sentence
in State Court, which both Defendants opposed and refused to correct the
illegal sentences.

6

17.  On January 24, 2017, the Plaintiff filed a *pro se* pleading in State Court in which he presented multiple claims that the State Court had backdated Orders that contradicted the first Orders of February 3, 2016, and challenging his sentences as illegal, all of which were refused and oppose by the Defendants.

18.  At all times relevant hereto, the Defendant Eiden was responsible for the correct computation of all aspects of the criminal sentences imposed up|on the Plaintiff, and, for corrections to such sentences.

19.  As a direct and proximate result of the acts, and omissions committed by the named Defendants herein, as detailed above, and as further articulated in the paragraphs which follow, Plaintiff was caused to suffer, *inter alia,* the following harms, injuries and damages, some or all of which may be permanent and/or continuing in nature:

   (a)  loss of freedom and liberty;

   (b)  invasion of his privacy;

   (c)  violation of his due process rights;

   (d)  emotional distress and anguish;

   (e)  past, future and continuing attorney's fees and costs.

20.  The acts and/or omissions of the Defendants, or one or more of them, evidenced a deliberate indifference to the rights guaranteed to individuals

such as Plaintiff, under the Fourth and Fourteenth Amendments to the United States Constitution, and cognate provisions of the Pennsylvania Constitution.

21.  At all times relevant, the legal principles regarding the rights of persons, such as Plaintiff, and the contours of those Constitutional and statutory rights, were well-established, and it was not reasonable for any Defendant to believe that his or her actions would not deprive the Plaintiff of those rights.

22.  At all times during the events described herein, the Defendants were engaged in one or more joint ventures which combined to produce the Constitutional violations and other harms asserted herein. The Defendants assisted each other in performing the various actions described, and lent their physical presence, support and/or authority to one another.

23.  The Defendants, individually and collectively, at all times pertinent to the claims asserted herein, acted under color of law.

24.  While acting under color of law, the Defendants deprived the Plaintiff of various State and Federal Constitutional rights as more fully set forth herein.

25.  The Defendants are sued in their individual capacities pursuant to 42 U.S.C. § 1983 ("Section 1983"), for their actions, all of which occurred

under color of law and, accordingly, neither 11th Amendment immunity, nor sovereign immunity applies.

26. Relative to the pendant state claims asserted, the Defendants' acts and omissions are alleged to have been committed outside the scope of their employment, and therefore are not subject to sovereign (i.e. state legislated immunity, 1 Pa. C.S.A. § 2310), immunity.

**COUNT I**
42 U. S. C. § 1983
**Illegal Incarceration/Illegal Sentence**

27. The preceding paragraphs are incorporated herein by reference as though fully set forth.

28. The conduct of Defendants constituted the imposition of an illegal sentence and illegal incarceration and/or probation upon the Plaintiff, within the meaning of the Fourth Amendment.

29. Said illegal sentence and illegal incarceration and/or probation was unreasonable and without probable cause in that the facts and circumstances available to the Defendants would not warrant a prudent person in believing that the Plaintiff was subject to such illegal sentence and illegal incarceration and/or probation.

30. The Plaintiff was subjected to the unlawful seizure, sentence and illegal incarceration and/or probation in violation of the Fourth Amendment of

the United States Constitution.

31.  As a result of the unlawful seizure, sentence and illegal incarceration and/or probation affected upon the Plaintiff, the Plaintiff suffered damages as stated herein.

32.  Defendants are personally liable for their direct involvement in the commission of the acts complained of here.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award judgment in the Plaintiff's favor and against Defendants, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Middle District of Pennsylvania.

## COUNT II
### 42 U. S. C. § 1983
### Malicious Prosecution

33.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

34.  Defendants, either individually, or acting in concert, subjected the Plaintiff to an unlawful seizure, sentence and illegal incarceration and/or probation in violation of his constitutionally protected Fourth Amendment rights.

35.  The Defendants deliberately participated in the imposition of illegal sentences and illegal incarcerations upon the Plaintiff, and thereafter deliberately sought the further detention of the Plaintiff and restrictions being placed upon his liberty.

36.  Said detentions and/or restrictions were unlawful.

37.  The facts and circumstances, which were within the knowledge of the Defendants at the time of Plaintiff's sentencing, were not sufficient to warrant a man of reasonable caution to believe that the illegal sentences were authorized under the law.

38.  The Defendants violated the Plaintiff's Fourth Amendment rights by wrongfully asserting and or computing the Plaintiff's sentences so as to be illegal and to support the continued illegal incarceration and/or probation of Davis.

39.  The aforesaid illegal sentences and illegal incarcerations were procured, facilitated, promoted, and/or continued by the Defendants as a pretext, defense and unwarranted justification for the Defendants' unlawful and un-Constitutional violation of the Plaintiff's state and federally protected Constitutional rights.

40.  The Defendants acted maliciously, and with a reckless disregard for, and deliberate indifference to the Plaintiff's Constitutional rights, as stated, or for a purpose other than bringing the Plaintiff to justice.

41.  The Plaintiff spent unlawful time incarcerated and on probation and subject to the restrictions of probation as a result of the Defendants' malicious and unjust actions.

42.  The Plaintiff was actually exposed to increased imprisonment and probation based upon the Defendants' false claims.

43.  Defendants are personally liable for their direct involvement in the commission of the acts complained of here.

44.  As a consequence of the criminal proceeding, the Plaintiff suffered a significant deprivation of his liberty, freedom, and monetary losses, and claims damages for the injuries and other harms set forth herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendants, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Middle District of Pennsylvania.

## COUNT III
### 42 U. S. C. § 1983
### Failure to Intervene

45.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

46.   The Defendants Scanlon and Eiden should have intervened to prevent the unconstitutional acts committed by each other Defendant as described in this Complaint.

47.   Each Defendant had a realistic and reasonable opportunity to intervene from the moment immediately after the Court's Sentences on February 3, 2016 or prior to the Court's ex parte changing of the original Court Orders, to prevent the Constitutional violations of Plaintiff's federally protected rights as claimed herein, but no Defendant did so.

48.   Said intervention could reasonably have taken the form of an oral or written communications designed to prevent the Plaintiff's unconstitutional sentences, incarceration and probation.

49.   Defendants Scanlon and Eiden had a like duty to disclose, *ab initio,* the truth regarding the Sentencing Orders as to the Defendant, but did not do so, not even to their superiors, or internal affairs, and/or to the independent Judiciary.

50.   Defendants' failures to intervene, given the realistic and reasonable opportunities made available to each of them, substantially increased the risk of, if not induced, the violations of Plaintiff's Constitutional rights complained of herein.

51.    Defendants' failures to intervene render them jointly and severally

liable for all of the harms and damages sustained by the Plaintiff as alleged

herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable

Court award judgment in the Plaintiff's favor and against Defendants,

jointly and severally, in an amount in excess of the One Hundred Fifty

Thousand Dollar ($150,000.00) limit for arbitration in the Federal District

Court for the Middle District of Pennsylvania.

## COUNT IV
### Vicarious Liability

52. Plaintiff repeats and realleges all prior paragraphs as if fully set forth

herein.

53. There existed a master/servant, principal/agent or agency relationship

between defendants Eiden and Lackawanna County.

54. At all relevant times, defendant Eiden was the agent of Lackawanna

County and was acting within the course and scope of his employment with

Lackawanna County.

55. Lackawanna County is vicariously liable for the intentional acts of its

employee or agent, Eiden.

56. Defendant Eiden intentionally inflicted emotional distress on the Plaintiff by the conduct described more fully above.

57. As a direct and proximate cause of defendant Eiden's intentional infliction of emotional distress, the Plaintiff has suffered and will continue to suffer damages.

**COUNT V**
INADEQUATE SUPERVISION AND TRAINING
BY THE COUNTY OF LACKAWANNA

58. The Plaintiff incorporates by reference all the above paragraphs as though fully set forth herein.

59. The intentional act of changing criminal sentences and/or failing to advise the Court of illegal sentences, was in part the result of the policy, practice and custom of Lackawanna County to inadequately supervise and discipline the defendant Eiden in his position as Chief Probation Officer.

60. The failure of Eiden to correct the illegal sentence after notice by Davis and his counsel, was in part the result of the policy, practice and custom of Lackawanna County to inadequately supervise and discipline the defendant Eiden in his position as Chief Probation Officer.

61. The inadequate supervision and discipline of Eiden by Lackawanna County has led to the unnecessary and illegal sentence, incarceration and/or probation of the Plaintiff Davis in the instant case.

62. The policy, practice and custom of Lackawanna County with respect to allegations of reported by citizens, is to conduct a minimal investigation designed to exonerate the officer involved rather than discover the true facts of the incident.

63. As a result of this code of silence adhered to by Lackawanna County and its agents and employees and the inadequate investigation of allegations of unnecessary and illegal sentence, incarceration and/or probation, probation officers reasonably conclude that improper and illegal actions will not result in discipline, termination, or criminal prosecution against them.

64. As direct and proximate result of the inadequate training and supervision of the hereinbefore mentioned employees of Lackawanna County, the Plaintiff has suffered substantial damages, including emotional distress, harassment, personal humiliation, and embarrassment.

## COUNT VI
### State Constitutional Violations

65. The preceding paragraphs are incorporated herein by reference as though fully set forth.

66. The conduct of the Defendants, as alleged herein, was violative not only of the Plaintiff's rights under the U.S. Constitution but was also violative of

the Plaintiff's rights under the cognate provisions of the Pennsylvania Constitution which have either been interpreted as being co-extensive with the rights afforded to the Plaintiff under the United States Constitution, or more extensive than those rights as interpreted by our Supreme Court.

67. To the extent that the Plaintiff's ability to assert a private cause of action for damages under the Pennsylvania Constitution has not been settled by the Supreme Court of Pennsylvania, the Plaintiff preserves those claims.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award judgment in the Plaintiff's favor and against Defendants, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Middle District of Pennsylvania.

## OTHER

68. The Plaintiff respectfully requests a jury trial.

69. The within case is not subject to arbitration.

70. Where permitted, the Plaintiff demands reasonable legal fees, costs, interest, expenses, delay damages, compensatory damages, punitive damages and any other damages deemed appropriate by the Court.

The Plaintiff believes and therefore avers that the conduct of each Defendant was willful, wanton, deliberate, intentional and calculated to bring about the very Constitutional harms which were visited upon Plaintiff and constitute reprehensible and outrageous acts not to be tolerated in a civilized society, warranting the imposition of punitive as well as compensatory damages against them in their personal capacities.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court for each Count alleged:

a.  Award compensatory damages to the Plaintiff against the named Defendants, jointly and severally, in an amount in excess of $150,000.00 per Count, exclusive of interest and costs;

b.  Award punitive damages to the Plaintiff against the individual Defendants in their personal capacities, jointly and severally, in an amount in excess of $150,000.00 per Count exclusive of interest and costs;

c.  Award reasonable attorney's fees and costs to the Plaintiff, as may be awardable pursuant to 42 U.S.C. Section 1988, the Civil Rights

Attorney's Fees Award Act of 1976, or any other applicable law or provisions; and

d. Award such other and further relief, as this Court may deem appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

ANDREW J. KATSOCK, III, ESQUIRE
Attorney for the Plaintiff, James Davis
15 Sunrise Drive
Wilkes-Barre, PA 18705
Telephone: (570) 829-5884
Facsimile: (570) 970-3730