IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DAVIS, | : | Civil No. 3:22-CV-01785 |
| Plaintiff, | : | |
| v. | : | |
| SHANE SCANLON, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court are two motions to dismiss Plaintiff's complaint filed by Defendants Shane Scanlon, Gene Eiden, and Lackawanna County. (Docs. 6, 13.) Defendants' motions will be granted and Plaintiff's complaint will be dismissed with prejudice primarily because the civil rights claims asserted by the Plaintiff are not cognizable under the "favorable termination rule," which requires that § 1983 claims arising out of alleged illegal sentences be invalidated in the state criminal court system before a cause of action may accrue. For that reason and the additional reasons that follow, the court will grant the motions to dismiss. (Docs. 6, 14.)

### **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff James Davis ("Davis") initiated this action by filing a complaint on November 9, 2022. (Doc. 1.) Davis alleges that Defendants Shane Scanlon ("Scanlon"), individually and in his official capacity as the District Attorney of Lackawanna County, Gene Eiden ("Eiden"), individually and in his official

1

capacity as the Chief of Probation of the Lackawanna County Adult Probation and Parole Department, and Lackawanna County ("Lackawanna"), Pennsylvania, have violated his constitutional rights pursuant to the Civil Rights Act of 1871 (hereinafter, the "Act"). (*See id.*) Specifically, Davis brings three counts under 42 U.S.C. § 1983 against the individual defendants for alleged illegal incarceration/ illegal sentences (Count I), malicious prosecution (Count II), and failure to intervene (Count III). (*Id.* ¶¶ 27–51.) Davis also brings a claim against Lackawanna alleging that it is vicariously liable for the actions of Eiden while he was employed by Lackawanna (Count IV). (*Id.* ¶¶ 52–57.) Additionally, Davis asserts a claim against Lackawanna alleging that inadequate training arising from a policy, practice, or custom deprived individuals like Davis of their rights (Count V). (*Id.* ¶¶ 58–64.) Finally, Davis brings a claim alleging that, collectively, Defendants violated unspecified rights Davis has under the Pennsylvania Constitution (Count VI). (*Id.* ¶¶ 65–67.) Although not specifically stated as to all claims, all of the federal causes of action in the complaint stem from 42 U.S.C. § 1983, which provides a civil action against persons who, under color of law, deprive a citizen of federal constitutional rights.

  These claims relate to four guilty pleas entered by Davis in Lackawanna County on November 5, 2015. (Doc. 1, ¶ 8.) Davis pleaded guilty to three separate dockets of driving under the influence and conspiracy to commit theft

along with lesser charges.[1]  (*Id.*)  On February 3, 2016, Lackawanna County Judge Vito Geroulo sentenced Davis to serve one to five years in a state correctional institution for each of the DUI dockets, with the sentences to run concurrently.  (*Id.* ¶ 9.)  Moreover, the court sentenced Davis to one-year concurrent probation on the conspiracy charge arising from docket 2014-CR-1890.  (*Id.* ¶ 11.)  Additionally, Judge Geroulo sentenced Davis to 45 to 90 days consecutive probation on the retail theft summary offense found in docket 2015-CR-2227.  (*Id.*)  The controversy at issue in this civil action emerged when, on the same day, the sentencing court issued amended sentencing orders that changed the one-year concurrent probation to a consecutive sentence and the 45 to 90-day probation sentence from consecutive to concurrent.  (*Id.* ¶ 12.)

Davis asserts that this same-day sentencing change occurred without his understanding and outside his presence, and was, therefore, an illegal sentence.  (*Id.* ¶ 13.)  On August 9, 2016, Davis filed a motion for correction of illegal sentence in state court, and then, on January 24, 2017, Davis filed a *pro se* pleading in state court once again challenging the sentences as illegal.  (*Id.* ¶ 17.)  The state

---

[1] The docket numbers are: (i) 2015-CR-1537 – DUI; controlled substance, 2nd Off.; (ii) 2015-CR-1543 – DUI; controlled substance; (iii) 2015-CR-2227 – DUI; controlled substance and retail theft; and (iv) 2014-CR-1890 – Conspiracy, theft by unlawful taking.

actions Davis brought would eventually be dismissed, upholding the legality of the judgments.[2]

Based on this series of events, Davis filed the instant complaint. (*Id.* ¶ 19.) In response, Scanlon filed a motion to dismiss on April 25, 2023, as well as a brief in support on April 28, 2023. (Docs. 6, 10.) On May 2, 2023, Lackawanna and Eiden filed a motion to dismiss, followed by a brief in support on May 4, 2023. (Docs. 13, 14.) Plaintiff opposed both motions on June 7, 2023, and no reply briefs were filed. (Docs. 20, 21.) Thus, both motions are ripe for review.

### JURISDICTION

This court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a) regarding the principles of pendent and supplemental jurisdiction over related state law claims. Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391, insofar as the alleged conduct asserted in the complaint arose within the jurisdictional limits of this District.

### STANDARD OF REVIEW

**A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

---

[2] *See Commonwealth v. Davis,* 242 A.3d 391 (Pa. Super. 2020) (affirming Davis's judgments at dockets 2015-CR-1537, 2015-CR-1543, 2015-CR-2227); *see also* (Doc. 10-1, pp 1–25.)

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

### A. Judicial Notice

As a threshold matter, the court will take judicial notice of certain proceedings that occurred in Lackawanna County.  FED. R. EVID. 201(b)(2).  In general, "[a] court may take judicial notice of facts that are not subject to reasonable dispute because they are either 'generally known within the trial court's territorial jurisdiction' or '[are] capable of accurate ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001); *see also St. Louis Baptist Temple, Inc. v. FDIC*,

605 F.2d 1169, 1171–72 (10th Cir. 1979) ("a court may . . . take judicial notice, whether requested or not") (citations omitted).

District courts are permitted to take judicial notice of prior judicial opinions as "matters of public record." *FCS Capital LLC v. Thomas*, 579 F. Supp. 3d 635, 647 (E.D. Pa. 2022) (quoting *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 413 (3d Cir. 1999)). Specifically, a court "may take judicial notice of [another court's] opinion–not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id.* at 648; *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 164 (3d Cir. 2004). Moreover, courts are also allowed to take judicial notice of docket entries filed in separate litigation proceedings. *See, e.g.*, *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1200 (3d Cir. 1991), *reh'g granted and opinion vacated* (Jan. 10, 1992), *opinion reinstated on reh'g* (Mar. 24, 1992) (taking judicial notice of docket entries in a related bankruptcy case).

Here, the court takes judicial notice of the existence and authenticity of docket entries, orders, and opinions publicly available in the case of *Commonwealth v. Davis*, 242 A.3d 391 (Pa. Super. Ct. 2020).[3]

---

[3] In addition, the court takes notice of the opinions filed at docket numbers: 1319 MDA 2018; 1902 MDA 2019; and 1903 MDA 2019.

## B. The Counts for Malicious Prosecution (Count II) and Failure to Intervene (Count III) will be Dismissed with Prejudice.

Count II of Davis's complaint will be dismissed with prejudice because his claim has yet to accrue. A § 1983 claim for damages that alleges malicious prosecution will fail absent a reversal, expungement, or dismissal of the underlying conviction. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). In addition, it would be improper as a matter of judicial policy to proceed with a civil action that undermines a state court conviction absent a "favorable-termination" of said conviction. *Id.*

In *Heck*, the Supreme Court addressed the issue of whether a § 1983 claim which attacks the legality of an underlying conviction or sentence, is cognizable without the underlying sentence being "reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. The Supreme Court held that a § 1983 claim has not accrued, and a complaint must be dismissed, if the plaintiff has failed to demonstrate a "favorable-termination" of the underlying sentence or conviction. *Id.* The Court recognized the merit in requiring a plaintiff to present a favorable termination in their criminal case because to allow otherwise would create "parallel litigation over the issues of probable cause and guilt," and

contravene "a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484.

As mentioned in *Heck*, if a "state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. A plaintiff's § 1983 action arising out of a malicious prosecution accrues a valid claim only if the complaint can demonstrate a "favorable-termination" of such criminal proceedings. *See McDonough v. Smith*, 139 S. Ct. 2149 (2019); *Thompson v. Clark*, 142 S. Ct. 1332 (2022). Malicious prosecution requires proof that "(i) the suit or proceeding was 'instituted without any probable cause;' (ii) the 'motive in instituting' the suit 'was malicious . . .'; and (iii) the prosecution '*terminated in the acquittal or discharge of the accused.*' *Thompson*, 142 S. Ct. at 1338 (citing T. COOLEY, LAW OF TORTS 180, 181 (1880)) (emphasis added).

Here, Davis fails to meet the "favorable-termination" element of establishing a malicious prosecution claim because he is serving valid sentences pursuant to his guilty pleas. (Doc. 1, ¶ 8); *See Commonwealth v. Davis*, 242 A.3d 391 (Pa. Super. 2020) (rejecting Davis's appeals and affirming his convictions). As a result, his complaint states no valid claim for malicious prosecution at Count II.

As to Count III, Davis argues that the "Defendants deliberately participated in the imposition of illegal sentences and illegal incarcerations upon the Plaintiff." (Doc. 20, p. 8.) Moreover, Davis avers that Defendants "should have intervened to prevent the unconstitutional acts committed by each other Defendant." (*Id.* at 9.) These positions are unavailing because the allegation of an illegal sentence furnish the root of Davis's claim. (Doc. 1, ¶¶ 28, 34.) Because Davis argues that his sentences were illegal, he needs to also allege a favorable termination with respect to the underlying convictions before any § 1983 claim for malicious prosecution or failure to intervene accrues. *Heck,* 512 U.S. at 483; *McDonough,* 139 S. Ct. at 2151; *Wallace,* 549 U.S. at 388. Therefore, Davis's complaint has failed to state a claim upon which relief could be granted and no amendment would cure the deficiency; thus, Counts II and III will be dismissed with prejudice.[4]

Additionally, Davis would like to recontextualize Defendants' motions as Rule 56 summary judgment motions instead of Rule 12(b)(6) motions. (Doc. 20, p. 14.) In support of this position, Davis claims that Defendants have introduced evidence with respect to the statute of limitations. (*Id.*) Davis argues that because Defendants introduced "evidence" to calculate whether this action is untimely, their motions introduce facts outside the complaint which should permit this action

---

[4] Defendants argue that the statute of limitations bars this action. (Doc. 10 p. 9; Doc. 14, p. 6.) However, that argument will not be addressed in detail because the claims will be dismissed with prejudice pursuant to Rule 12(b)(6).

9

to proceed to the discovery phase. (*Id.*) However, because Davis fails to present a valid claim in the first place, the court finds no reason to address this argument or Defendants' argument that the statute of limitations for this "claim" has exhausted. As a result, there is no need to entertain the possibility that the motions before the court should be recharacterized as motions for summary judgement.

### C. Count I for Illegal Sentence will be Dismissed with Prejudice.

Davis has failed to present a valid claim upon which relief could be granted because Count I, alleging illegal sentence under § 1983, has yet to accrue. *See Heck,* 512 U.S. at 487; *Wallace*, 549 U.S. at 388. Specifically, claims of illegal incarceration pursuant to § 1983 accrue only when a plaintiff can show that "the arresting officer lacked probable cause to make the arrest." *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 592 (M.D. Pa. 2008) (quoting *Garcia v. Cnty. of Bucks*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001)).

Claims under § 1983 alleging illegal sentence or illegal incarceration are similar enough to the analogous tort of false imprisonment such that federal courts look to state law to determine when such an action accrues. *Wallace*, 549 U.S. at 393. The standard is distinguishable from the standard in *Heck*, which follows the "favorable-termination" rule. *Id.* Instead, an action for false imprisonment or false arrest under § 1983 becomes cognizable only when a plaintiff can show that an officer lacked probable cause to make such an arrest. *Kokinda*, 557 F. Supp. 2d at

10

592. Therefore, a plaintiff must file a § 1983 false imprisonment claim sometime after the arrest but before any conviction. *Wallace*, 549 U.S. at 393. District courts may stay such a case pending a favorable-termination and proceed if the civil suit would not impugn that conviction; otherwise, the civil action would be dismissed pursuant to *Heck*. *Id*. Critical to note is that while the "favorable-termination" principles outlined in *Heck* do not apply when determining whether a § 1983 illegal incarceration claim accrues, *Heck* requires federal courts to dismiss any § 1983 action which may impugn convictions in criminal cases. *Heck*, 512 U.S. at 487; *Wallace*, 549 U.S. at 393 ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal.")

Here, Davis's § 1983 claim for false imprisonment accrued when he was initially arrested pursuant to his underlying criminal cases. His action is cognizable only if he alleged particularized facts which plausibly alleged that officers lacked probable cause to arrest him. *Wallace*, 549 U.S. at 388. Notably, a false arrest claim still fails if "there was probable cause to arrest for at least one of the offense[s] involved." *Kokinda*, 557 F. Supp. 2d at 592 (quoting *Johnson v. Knorr,* 477 F.3d 75, 85 (3d Cir. 2007)). Davis has not attempted to plead any facts that might plausibly allow this court to find that the officers lacked probable cause

to make the initial arrest which led to his guilty pleas on November 5, 2015.[5] (Doc. 1, ¶ 8.)

Therefore, Davis has failed to state a cause of action in Count I for illegal sentence because he never accrued a valid false imprisonment claim. In any event, Davis's claims here necessarily impugn his criminal conviction as he appears to conflate his initial arrest with his underlying sentence. Davis's claim here will be dismissed with prejudice for these reasons and because *Heck* bars § 1983 claims necessarily implying the illegality of a state court conviction. *Marable v. Pottsgrove Twp.*, 176 F. App'x 275, 281 (3d Cir. 2006).

### D. Counts IV and V for Vicarious Liability and Inadequate Supervision and Training will be Dismissed with Prejudice.

Davis's claims against Lackawanna County will be dismissed with prejudice because he fails to plead any facts sufficient to establish liability under § 1983 and, in any event, the lack of any cognizable constitutional violation by any of the officer-defendants necessarily defeats his claim and any possibility that an amendment would cure this deficiency. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Specifically, Count IV will be dismissed with prejudice because

---

[5] Even if Davis did allege sufficient facts to suggest that the arresting authorities lacked probable cause, and this court could somehow ignore the *Heck* prohibition on civil actions that impugn presumptively valid state criminal convictions, the statute of limitations for false imprisonment in Pennsylvania is two years. Therefore, Davis's complaint is likely time-barred because his theoretical case accrued *when he was placed under arrest* sometime before 2015. *See* 42 PA. CON. STAT. ANN. § 5524.

the principles of respondent superior do not apply, and Count V will be dismissed because there are no facts present which suggest that Defendants violated Davis's constitutional rights based on a policy or custom of Lackawanna County.

When a plaintiff files a § 1983 claim against a municipality, liability may apply only when "its policy or custom causes a particular constitutional violation." *Marable*, 176 F. App'x at 282 (citing *Monell*, 436 U.S. at 694). If "a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants, such a failure to train may itself constitute a policy or custom that is actionable under § 1983." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). However, if a "single decision" serves as the basis for the alleged violation, then a "municipality generally may incur *Monell* liability only where the decisionmaker is a municipal 'policymaker.'" *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82 (1986)). Additionally, the mere showing that "a particular officer violated policy, or that better training would have enabled the officer to avoid the injury-causing conduct, is insufficient to establish a municipality's liability under § 1983 for failure to train." *Id.* (citing *Simmons v. City of Phila.*, 947 F.2d 1042, 1060 (3d Cir. 1991)). Critically, "[g]overnmental liability under § 1983 may not attach merely by operation of respondeat superior." *Monell*, 436 U.S. at 691.

Key to *Marable v. Pottsgrove Twp.*, 176 F. App'x 275 (3d Cir. 2006), is the fact that even if a plaintiff could allege that an officer violated policy and committed a constitutional injury against a plaintiff, these allegations are insufficient to establish a "policy or custom" of constitutional violations warranting § 1983 liability against the municipality. *Marable*, 176 F. App'x at 279–83 (holding that where officers failed to comply with municipal policy regarding juvenile arrests, plaintiff could not establish *Monell* liability because a "municipality may not incur *Monell* liability as a result of the actions of its officers when its officers have inflicted no constitutional injury," and the improper conduct of officers was "insufficient to establish a policy or custom of constitutional violations evidencing the municipal defendants' deliberate indifference to the rights of their inhabitants"). Here, Davis does not plead sufficient facts which justify attaching *Monell* liability against Lackawanna County. (Doc. 1, ¶ 52–64.) Even if Davis adequately pleaded facts to suggest that the individual Defendants violated his constitutional rights, he presents no assertions that such violations constituted a policy of Lackawanna County to deprive its inhabitants of their constitutional rights. (*Id.*) Moreover, Davis has not successfully pleaded that any of the individual Defendants committed any constitutional violations against Davis. (*Id.*) This is because Defendants have not violated Davis's constitutional rights in any regard pursuant to the foregoing "favorable-termination" analysis.

Therefore, Davis's claims against Lackawanna County will be dismissed with prejudice because Davis has not established a policy or custom of depriving the rights of the inhabitants of Lackawanna County.  Moreover, even if Davis had pleaded such facts, the individual Defendants could not have violated any of Davis's constitutional rights because Davis is unable to claim malicious prosecution, illegal sentence, or failure to intervene as a matter of law under *Heck*.

### E. Count VI Alleging State Constitutional Violations will be Dismissed Without Prejudice.

Davis makes no attempt to plead any particularized facts that might establish a claim of state constitutional violations against any Defendant. (Doc. 1, ¶ 66.) Therefore, Count VI of Davis's complaint will be dismissed *without prejudice* to amend the complaint to plead facts with particularity that the Defendants violated Davis's rights under the Pennsylvania Constitution.

## CONCLUSION

For the reasons detailed herein, the court finds that Davis's complaint fails to plead a cognizable action for Counts I through V, and those counts will be dismissed with prejudice. Count VI will be dismissed without prejudice, providing Davis an opportunity to plead facts to establish that the Defendants violated his rights under the Pennsylvania Constitution. An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: October 25, 2023