UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DAVIS,<br><br>                    Plaintiff,<br>    v.<br><br>SHANE SCANLON, et al.,<br><br>                    Defendants. | CIVIL ACTION NO. 3:22-CV-01785<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

On, November 12, 2023, Plaintiff James Davis ("Davis") filed an amended complaint alleging violations of 42 U.S.C. § 1983 and the Pennsylvania State Constitution. Davis brings these claims against the District Attorney of Lackawanna County, Shane Scanlon ("Scanlon"), Chief of Probation of the Lackawanna County Adult Probation and Parole Department, Gene Eiden ("Eiden"), and Lackawanna County (the "County") (collectively, "Defendants"). (Doc. 30). Presently before the Court are motions to dismiss filed by Scanlon (Doc. 31) and by Eiden and Lackawanna. (Doc. 32). For the following reasons, Defendants' motions to dismiss are **GRANTED** and Davis's amended complaint is **DISMISSED with prejudice**. (Doc. 30).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from Davis's amended complaint. (Doc. 30). On November 5, 2015, Davis entered four criminal guilty pleas in Lackawanna County Court. (Doc. 30, ¶ 8). On February 3, 2016, Davis was sentenced by Lackawanna County Judge Vito Geroulo. (Doc. 30, ¶ 9). From this sentencing hearing, four sentencing orders were prepared and issued. (Doc. 30, ¶ 11). Davis alleges that a "Corrected" sentencing order was also issued by the Lackawanna County Court later that same day, amending the previous sentencing order. (Doc. 30, ¶ 12). On August 9, 2024, Davis filed a Motion for Correction of Illegal

Sentence, seeking to reinstate the earlier sentencing order issued by Judge Geroulo. (Doc. 30, ¶ 16). Defendants opposed this motion and allegedly refused to correct the sentences. (Doc. 30, ¶ 16). Davis filed a *pro se* pleading in the state court in which he challenged the corrected orders and subsequent sentences as illegal. (Doc. 30, ¶ 17). Defendants opposed this action and allegedly refused to correct the sentences. (Doc. 30, ¶ 17).

Davis then instituted this instant action by the filing of a complaint on November 9, 2022, alleging claims of illegal incarceration/illegal sentences (Count I), malicious prosecution (Count II), failure to intervene (Count III), vicarious liability against the County (Count IV), inadequate training arising from a policy, practice, or custom (Count V), and a violation of his rights under the Pennsylvania Constitution (Count VI). All Defendants moved to dismiss the complaint, and the court granted both motions to dismiss on October 25, 2023, dismissing Counts I, II, III, IV, and V **with prejudice**, dismissing Count VI **without prejudice**, and granting Davis leave to file an amended complaint as to Count VI. (Doc. 29). Although the court's order (Doc. 29) states that Counts I through IV are dismissed with prejudice and Count V is dismissed without prejudice, it is beyond any doubt that the Order (which was filed "in accordance with the accompanying memorandum") was meant to have said that Counts I through V were dismissed with prejudice and Count VI without prejudice. That is what is thoroughly discussed in the memorandum accompanying the order (Doc. 28). This Court will construe the previous order as having dismissed, with prejudice, Counts I through V and giving Davis leave to file an amended complaint only as to Count VI.

Davis filed his amended complaint (Doc. 30) on November 12, 2023, alleging two counts: – inadequate supervision and training by the County (Count I) and state constitutional violations (Count VI). (Doc. 30, ¶¶ 27-50). Scanlon filed his instant motion to dismiss the amended complaint on November 27, 2023. (Doc. 31). Eiden and Lackawanna County filed

their instant motion to dismiss the amended complaint on November 27, 2023. (Doc. 32). Eiden and the County filed their brief in support of their motion to dismiss on December 4, 2023. (Doc. 37). Scanlon filed a brief in support of his motion to dismiss on December 7, 2023. (Doc. 38). Davis filed a brief in opposition to the two motions to dismiss on December 18, 2023. (Doc. 39). This matter was reassigned to the undersigned District Judge on February 7, 2024. Accordingly, the matter is ripe for disposition.

## II.    LEGAL STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

3

at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (*quoting Iqbal*, 556 U.S. at 678) (internal quotation marks omitted*); see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

### III. DISCUSSION

Davis's amended complaint alleges two counts, an inadequate supervision and training claim against the County and a claim that all Defendants violated Davis's state constitutional rights. (Doc. 30, ¶¶ 27-50). As noted, *supra*, the inadequate supervision and training claim was previously dismissed with prejudice by the previously assigned District Judge. As such, the undersigned will not address that claim here. Defendants' motions to

dismiss Count I are **GRANTED**. (Doc. 31 at 1-2; Doc. 32, at 2-4). Count I of Davis's amended complaint is **DISMISSED with prejudice**. (Doc. 30, ¶¶ 27-40).

In his remaining claim, Count VI of the amended complaint, Davis asserts that the Defendants violated his rights under the Pennsylvania Constitution. The Court will dismiss this count with prejudice as well, as there is no private right of action for damages under the Pennsylvania Constitution. *Youst v. Roth*, 2023 WL 3821813, at *4 (E.D. Pa. 2023); *see Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."). Accordingly, Count VI of Davis's amended complaint is **DISMISSED with prejudice**. (Doc. 30, ¶¶ 41-50).

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED**. (Doc. 31; Doc. 32), and Davis's amended complaint is **DISMISSED with prejudice**. An appropriate Order follows.

Dated: September 26, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**